UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

CASE NO. 00-06058-CIV-DAVIS/BROWN



ALL UNDERWRITERS SUBSCRIBING
TO CERTIFICATE OF INSURANCE
NO. 99B1/671, including SUBSCRIBING
UNDERWRITERS AT LLOYDS, LONDON,
AXA GLOBAL RISKS (U.K.) LIMITED "T" A/C,
And WURTEMBERGISCHE VERISCHERUNGAG
"T" A/C,

      Plaintiffs,

v.

H$_2$0LIMITED,

      Defendant.

_____/

### MOTION TO STRIKE PRAYER FOR ATTORNEY'S FEES AND ACCOMPANYING MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiffs, ALL UNDERWRITERS SUBSCRIBING TO CERTIFICATE OF INSURANCE NO. 99B1\671, INCLUDING SUBSCRIBING UNDERWRITERS AT LLOYDS, LONDON, AXA GLOBAL RISKS (UK) LIMITED "T" A/C, And WURTEMBERGISCHE VERISCHERUNGAG ("UNDERWRITERS"), by and through their undersigned attorneys and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby file their Motion to Strike Defendant/Counter-Plaintiffs' Prayer for Attorney's Fees in their counterclaim, and state:

MAY 3 1 2000

Rec'd in MIA Dkt _____



CASE NO. 00-06058-CIV-DAVIS/BROWN

## INTRODUCTION

UNDERWRITERS brought this Complaint for Declaratory Judgment seeking the Court's determination of the quantum of coverage available under a policy of marine insurance for the sailing vessel "NOVENA". $H_2O$ LIMITED, as the named insured under the Policy and MICHAEL KLINGENSMITH counter-claimed for breach of contract and seek attorney's fees from UNDERWRITERS. This Motion to Strike concerns only the issue of Defendant/Counter-Plaintiffs' entitlement to attorney's fees in this action under the controlling general maritime law of the United States.

## SUMMARY ARGUMENT

1.      Defendant/Counter-Plaintiffs' assert a prayer for attorney's fees in their counterclaim. However their prayer is inconsistent with the general maritime law and should be stricken.

2.      Under the general maritime law, attorney's fees are not recoverable absent a contract provision, federal statutory authorization or a finding of bad faith.

3.      Here, the policy does not permit attorney's fees, there is no federal statutory authorization for fees applicable to this matter, and there are no allegations of bad faith.

WHEREFORE, UNDERWRITERS respectfully request this Court enter an Order striking Defendant/Counter-Plaintiffs' prayer for attorney's fees.

## ISSUE

WHETHER ATTORNEYS' FEES ARE RECOVERABLE IN AN ADMIRALTY ACTION BROUGHT ON A POLICY OF MARINE INSURANCE WHERE THE CONTRACT OF INSURANCE DOES NOT PROVIDE FOR THE RECOVERY OF ATTORNEY'S FEES?

2

## MEMORANDUM OF LAW

Actions involving marine insurance policies have long been considered within the admiralty jurisdiction of the Federal Courts and governed by federal maritime law. *Insurance Co. v. Dunham*, 78 U.S. 1 (1870); *Grand Union Ins. Co. Ltd. v. Employers Ins. of Wausau*, 1987 A.M.C. 1828 (S.D. Fla. 1987).

Under federal admiralty law, attorney's fees are not recoverable in admiralty absent federal statutory authorization or bad faith. *See, Insurance Co. of N.A. v. M/V OCEAN LYNX*, 901 F.2d 934, 941 (11th Cir. 1990) (stating "[i]n admiralty cases, moreover, the general rule is that attorney's fees are not awarded"); *American National Ins. Co. v. Kenealy*, 72 F.2d 264, 270 (2d Cir. 1995) (stating general rule that attorneys' fees and expenses not recoverable in admiralty absent bad faith); *Sosebee v. Rath*, 893 F.2d 54, 56 (3rd Cir. 1990) (stating "attorney's fees are not available in admiralty cases unless the court determines in its equitable discretion that one party has acted in bad faith"); *B.P. North America Trading, Inc. v. Vessel PANAMAX NOVA*, 784 F.2d 975 (9th Cir. 1986) (holding attorneys' fees not awarded in admiralty absent federal statutory authorization); *Templeman v. Chris Craft Corp.*, 770 F.2d 245 (1st Cir.) *cert. denied*, 474 U.S. 1021 (1985) (finding federal maritime law did not allow attorney's fees absent bad faith or oppressive conduct); *Whorton v. The Home Ins. Co.*, 724 F.2d 427, 431 (4th Cir. 1984) (finding insured not entitled to award of attorney's fees where insurer refused claim in good faith); *Noritake Co. v. M/V HELLENIC CHAMPION*, 627 F.2d 724, 730 (5th Cir. 1980) (stating "the prevailing party in an admiralty case is generally not entitled to an award for attorneys' fees."); *Underwriters Subscribing to Certificate of Insurance No. 98B1/800 v. On The Loose Travel, Inc.*, 1999 AMC 1742 (S.D. Fla. 1999)(In a marine insurance case there

3

can be no award under a state statute allowing attorney's fees to a prevailing insured because it would violate uniformity in admiralty, which has established a rule to the contrary), attached as Exhibit "1"; *Garan, Inc. v. M/V AIVIK*, 1995 A.M.C. 2657, 2660 (S.D. Fla. 1995) (stating "federal maritime law provides that absent specific federal statutory authorization for an award of attorneys' fees, the prevailing party is generally not entitled to those fees"); *see also, Omnibus Order* in *Underwriters v. Mark Weisberg and Robert Berzon*, Case No. 97-3725-CIV-HIGHSMITH, S.D. Fla. 1998 (Any Florida law awarding attorney's fees to a prevailing party in the absence of bad faith clearly conflicts with federal maritime law and cannot be applied) attached as Exhibit "2"; *Order on Motion to Strike Demand for Attorney's Fees* in *Underwriters v. Harbor Island Charters, Inc. et al.*, Case No. 99-6420-CIV-FERGUSON attached as Exhibit "3"; and *Order Granting Third Party Defendant Markel American Insurance Co.'s Motion for Partial Summary Judgment [On Issue of Attorney's Fees]* in *Coral Bay Marina, Inc., v. John Corbo, etc.*, Case No. 97-20086 in the County Court in and for Monroe County, Florida, attached as Exhibit "4".

In admiralty actions on marine insurance policies, general maritime law is applied to the exclusion of state law where there is an established federal admiralty rule of law. *See, Ingersoll Mill. Mach. Co. v. M/V BODENA*, 829 F.2d 293, 305 (2d Cir. 1987) (stating "[m]arine insurance contracts are governed by federal admiralty law when there is an established federal rule, and by state law when there is not.").

As there is an established federal admiralty rule prohibiting attorney's fees in suits brought on marine insurance policies, Defendant/Counter-Plaintiffs' are not entitled to attorney's fees in this action. *Kenealy*, 72 F.3d at 270. *Kenealy* involved a similar claim for attorney's fees by an insured in a declaratory judgment action brought by an insurer

KELLER & HOUCK, P.A.
200 SOUTH BISCAYNE BOULEVARD, SUITE 300, MIAMI, FLORIDA 33131-5308 * TEL (305) 372-9044 * FAX (305) 372-5044

CASE NO. 00-06058-CIV-DAVIS/BROWN

under a marine insurance policy. *Id.* at 266. The Second Circuit affirmed the district court's summary judgment in favor of the insurer to deny recovery of attorney's fees on the grounds such fees are not available under general maritime law. *Id.* at 270-71. The Second Circuit also declined to allow the vessel owner recovery of attorney's fees even though such fees were available by statute under New York law. *Id.*

The Southern District of Florida recently addressed this very issue and determined attorney's fees were not available in a declaratory judgment action involving a policy of marine insurance. *Underwriters Subscribing to Certificate of Insurance No. 98B1/800 v. On The Loose Travel, Inc.*, 1999 AMC 1742 (S.D. Fla. 1999) attached as Exhibit 1; and *Underwriters v. Weisberg and Berzon*, Case No. 97-3725-CIV-HIGHSMITH (Omnibus Order dated May 21, 1998 attached hereto as Exhibit "2") and *Underwriters v. Harbor Island Charters, Inc. et al.*, Case No. 99-6420-CIV-FERGUSON (Order on Motion to Strike Attorney's Fees dated February 21, 2000 attached as Exhibit "3"). In *On The Loose Travel, Berzon* and *Harbor Island Charters, Inc.*, the Defendants counter-claimed for breach of contract and demanded attorney's fees pursuant to Florida law. Judges Ungaro-Benages, Highsmith and Ferguson found any Florida law awarding attorney's fees to a prevailing party in the absence of contract or bad faith conflicts with federal maritime law and cannot be applied.

In *Garan, Inc. v. M/V AIVIK*, 1995 A.M.C. 2657 (S.D. Fla. 1995), the Court analyzed application of Florida's statutory Offer of Judgment statute in an admiralty action and determined the statute conflicted with the general maritime law. In particular, the *AIVIK* Court reviewed application of the Offer of Judgment statute under a reverse-*Erie* analysis. *Id.* at 2659; *see, Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 223 (1986) (stating

5

"the extent to which state law may be used to remedy maritime injuries is constrained by the so-called `reverse-Erie' doctrine which requires that the substantive remedies afforded by the States conform to governing federal maritime standards.").

As explained in *AIVIK*, a state law may supplement federal maritime law only where: (1) the state law does not conflict with substantive maritime law; and (2) the state law provides a remedy not peculiar to maritime jurisdiction. 1995 A.M.C. at 2659. The *AIVIK* Court found the Offer of Judgment statute substantive in nature and in direct conflict with the general maritime rule of not allowing attorney's fees in admiralty. *Id* at 2659-61.

Section 627.428 of the Florida Statutes, is substantive in nature. Section 627.428 allows for attorneys' fees to any insured successful in establishing a right to recovery under an insurance policy. Like the Offer of Judgment Statute, Section 627.428 is a "statutory requirement for the nonprevailing party to pay attorney's fees [which] constitutes a new obligation or duty and is therefore substantive in nature." *AIVIK*, 1995 A.M.C. 2659, citing, *Young v. Altenhause*, 472 So.2d 1152, 1154 (Fla. 1985).

Here, Defendant/Counter-Plaintiffs asserted a prayer for attorney's fees. However, they are not entitled to an award of attorney's fees because it conflicts with the general maritime law. *Insurance Co. of N.A.*, 901 F.2d at 941; *Kenealy*, 72 F.2d at 270; *Sosebee*, 893 F.2d at 56; *B.P. North America Trading, Inc.*, 784 F.2d 975; *Templeman*, 770 F.2d 245; *Whorton*, 724 F.2d at 431; *Noritake*, 627 F.2d at 730; *On The Loose Travel, Inc.*, 1999 AMC 1742; *Garan*, 1995 A.M.C. at 2660. Thus, the prayer for attorney's fees should be stricken.

Assuming *arguendo* that Defendants asserted a claim for bad faith, the type of bad faith required by general maritime law to support a claim for attorney's fees is bad faith in

the conduct of the litigation. The Fifth Circuit has determined an award of attorney's fees under the general maritime law is available through the bad faith exception to the American rule, which permits recovery of attorney's fees from a party engaging in bad faith conduct during litigation. *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995). Thus, the Fifth Circuit concluded an award of attorney's fees under the fee shifting rationale of the bad faith exception to the American rule "is not a punitive award in the `tort' sense of punishing the underlying conduct that gives rise to a plaintiff's claim. Tort-like punitive damages are awarded on the basis of the merits of a case, while bad-faith fee-shifting punishes abuses of the litigation process." *Id.* at 1503. *Noritake Co., Inc. v. M/V Hellenic Champion,* 627 F.2d 724-28, n.5 (5th Cir. 1980). Here, Defendant/Counter-Plaintiffs have not made any allegation of bad faith in the conduct of litigation and therefore have no claim under the general maritime law.

## CONCLUSION

There is no basis to support a prayer for attorney's fees in Defendants/Counter-Plaintiffs' Counterclaim to UNDERWRITERS Declaratory Judgment Action on a policy of marine insurance. The demand is not permitted under the policy, federal statute or the general maritime law. Further, Florida law conflicts with the established federal maritime precedent of not awarding attorneys' fees in admiralty actions. Thus, Defendant/Counter-Plaintiffs' prayer for attorney's fees should be stricken.

7

CASE NO. 00-06058-CIV-DAVIS/BROWN

Respectfully submitted,

KELLER & HOUCK, P.A.
Attorneys for Plaintiffs
200 South Biscayne Boulevard
Suite 300
Miami, Florida 33131
Tel.: (305) 372-9044
Fax: (305) 372-5044

By: _____
        JOHN M. SIRACUSA, ESQ.
        FLORIDA BAR NO. 0159670

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 26th day of May, 2000 to ROBERT L. JENNINGS, ESQ., Jennings and Valancy, P.A., Attorneys for Defendant/Counter-Plaintiffs, 311 Southeast 13th Street, Ft. Lauderdale, Florida 33316.

_____
JOHN M. SIRACUSA, ESQ.

### UNDERWRITERS SUBSCRIBING TO CERTIFICATE OF INSURANCE NO. 98B1/800

*v.*

### ON THE LOOSE TRAVEL, INC., *ET AL.*

United States District Court, Southern District of Florida, March 23, 1999
No. 99-0200-Civ.

PRACTICE — 115. Federal Rules of Civil Procedure — Rule 9 — 154. Cross-Complaint — 262. Trial by Jury — 280. Declaratory Judgment.

Where underwriters sue for declaratory relief from a marine insurance policy invoking Rule 9(h), the entire case is in admiralty and defendants are not entitled to jury trial on a counterclaim for recovery under the policy.

CONSTITUTION — 111. Uniformity — PRACTICE — 333. Attorney's Fees and Disbursements.

In a marine insurance case there can be no award under a state statute allowing attorney's fees to a prevailing insured because it would violate uniformity of admiralty, which has an established rule to the contrary.

John M. Mitchell *for Underwriters*
Jeffrey S. Gaines *for On the Loose Travel*
Steven J. Chackman *for C.A. Hansen*

Ursula Ungares-Benages, D.J.:

This cause is before the Court upon the following Motions filed by Plaintiffs/Counterdefendants All Underwriters Subscribing to Certificate of Insurance No. 98b1/800 Including Certain Underwriters at Lloyd's of London, And Certain Member Companies of the Institute of London Underwriters ("Lloyd's"):

(1) Motion to Strike Demand for Jury Trial, filed February 23, 1999;

(2) Motion to Strike Demand for Attorney's Fees, filed February 23, 1999; and

(3) Motion to Strike Count II of Counterclaim, filed February 23, 1999.

The Court has considered the Motions, the pertinent portions of the record, and is otherwise fully advised in the premises. The Court notes that On the Loose Travel, Inc. and Carol Gains (collectively "Counterplaintiffs") have failed to respond or object to the three aforementioned Motions.

EXHIBIT
_____1_____

[1999 AMC 1742]    U/Ws v. ON THE LOOSE    1743

)F INSURANCE

·

rch 23, 1999

9 — 154. Cross-
dgment.

rance policy invok-
.nts are not entitled
icy.

torney's Fees and

ate statute allowing
iolate uniformity of

Motions filed by
ping to Certificate
iters at Lloyd's of
: of London Under-

February 23, 1999;

filed February 23,

February 23, 1999.

it portions of the
The Court notes
ly ''Counterplain-
entioned Motions.

### Background

On January 22, 1999, Lloyd's filed a Complaint for Declaratory Judgment seeking to determine the quantum of the claim and coverage of a marine insurance policy for the sailing vessel *Argo*, a 1981 53-foot Pearson ketch owned by Defendant/Counterplaintiff On the Loose Travel. Lloyd's brought its Complaint within the admiralty and maritime jurisdiction of the United States pursuant to 28 U.S.C. §1333 and Fed. R. Civ. P. 9(h). Counterplaintiffs, the named insured under the subject policy, filed a two-count Counterclaim against Lloyd's alleging: Count I — ''Breach of Contract Against Plaintiffs''; and Count II — ''Bad Faith v. The Plaintiff Underwriters.''[1]

### Legal Analysis

*I. Motion to Strike Demand for Jury Trial*

In the instant action, Lloyd's has elected to proceed under Fed. R. Civ. P. 9(h) and argues that this election foreclosed Counterplaintiffs' ''[d]emand for a six-person jury trial on all issues in Defendants' Counterclaim.'' The Court agrees. No right to trial by jury exists with respect to claims brought under federal admiralty jurisdiction Rule 9(h) and the Court finds that the trial by jury preclusion extends to counterclaims. *See Harrison v. Flota Mercante Grancolombiana S.A.*, 1979 AMC 824, 846-51, 577 F.2d 968, 985-88 (5 Cir. 1978). *Accord All Underwriters at Lloyds, London v. American Automotive Prod., Inc.*, No. 93-1779 (S.D. Fla. Aug. 18, 1994 (Highsmith, J.)). Accordingly, the Court grants Lloyd's Motion to Strike Demand for Jury Trial.

*II. Motion to Strike Demand for Attorneys' Fees*

Counterplaintiffs seek attorneys' fees in Counts I and II of their Counterclaim. Count I seeks ''attorneys' fees permitted by statute'' and Count II seeks ''attorneys' fees permitted to be taxed in accordance by this Court.''[2] Lloyd's contends that general maritime law precludes recovery of attorneys' fees on marine insurance policy actions.

Admiralty actions involving marine insurance policies are governed by federal maritime law if there exists an applicable federal rule. *See Ingersoll Mill. Mach. Co. v. M/V Bodena*, 1988 AMC 223, 242, 829 F.2d 293, 305

---

1. Counterplaintiffs have also brought a two-count Third-Party Complaint against C.A. Hanson, a subsidiary of Poe & Brown, the insurance broker who is alleged to have sold Counterplaintiffs the underlying liability insurance policy.
2. The Court addresses Count II in §III, *infra*.

(2 Cir. 1987). It is a well-settled federal maritime rule that attorneys' fees are not recoverable absent federal statutory authorization or a showing of bad faith in the conduct of litigation.[3] *See Insurance Co. of N. Am. v. M/V Ocean Lynx*, 1991 AMC 64, 72-73, 901 F.2d 934, 941 (11 Cir. 1990). *See also Guevara v. Maritime Overseas Corp.*, 1995 AMC 2409, 59 F.3d 1496 (5 Cir. 1995). Count I contains no allegations of bad faith and fails to assert on what federal authority Counterplaintiffs are entitled to recover attorneys' fees. Accordingly, the Court grants Lloyd's Motion to Strike Demand for Attorneys' Fees in Count I of the Counterclaim.

### III. Motion to Strike Count II of Counterclaim

In Count II, Counterplaintiffs seek recovery against Lloyd's for alleged bad faith insurance practices. Lloyd's contends that Count II should be stricken on the grounds that a bad faith action does not exist under general maritime law and that a bad faith action is premature under Florida law.

Finding no authority or citation in support of a bad faith insurance practice cause of action under general maritime law, Counterplaintiffs must have presumably intended to pursue their bad faith claim under Florida law. As such, the Court finds that Count II is premature because the issues of coverage and damages under the subject policy have not yet been determined. *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So.2d 1289 (Fla. 1991) (finding statutorial bad faith claim cannot accrue prior to determination of coverage). Accordingly, the Court grants Lloyd's Motion to Strike Count II of Counterclaim.

### Conclusion

Based on the foregoing, and noting Counterplaintiffs' failure to respond or object to Lloyd's Motions, it is hereby ordered and adjudged as follows:

(1) Lloyd's Motion to Strike Demand for Jury Trial is granted. Counterplaintiffs' demand for jury trial is stricken from the Counterclaim;

(2) Lloyd's Motion to Strike Demand for Attorney's Fees is granted insofar as it pertains to Count I. Counterplaintiffs' demand for attorneys' fees is stricken from Count I of the Counterclaim; and

---

3. The Court notes that a contractual provision could provide an alternative means of recovering attorneys' fees. Here, however, the contract contains no such provision.

[1999 AMC 1742]                )

(3) Lloyd's Motion to Strike Count II of Counterclaim is granted. Count II of the Counterclaim is stricken without prejudice.

at attorneys' fees
1 or a showing of
of N. Am. v. M/V
(1 Cir. 1990). See
409, 59 F.3d 1496
faith and fails to
ntitled to recover
Motion to Strike
:laim.

.loyd's for alleged
:ount II should be
exist under general
inder Florida law.
ad faith insurance
interplaintiffs must
laim under Florida
nature because the
y have not yet been
'ns. Co., 575 So.2d
anot accrue prior to
nts Lloyd's Motion

s' failure to respond
idjudged as follows:
il is granted. Coun-
: Counterclaim;
y's Fees is granted
mand for attorneys'
1

an alternative means of
io such provision.

MAY 22 1998

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-3725-CIV-HIGHSMITH

ALL UNDERWRITERS SUBSCRIBING TO
POLICY NO. 03789600 INCLUDING
UNDERWRITERS AT LLOYDS, LONDON,

      Plaintiff/Counter-Defendant,

v.

MARK WEISBERG and ROBERT BERZON,

      Defendants/Counter-Plaintiffs/
      Third-Party Plaintiffs,

v.

KOLISCH INSURANCE, INC., a Florida
corporation, and JOSEPH KOLISCH, an
individual,

      Third-Party-Defendants.

_____/

FILED by _____ D.C.

MAY 21 1998

CAR..... JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## OMNIBUS ORDER

THIS CAUSE comes before the Court on the following motions:

1. Defendants Mark Weisberg and Robert Berzon's (the "defendants") motion to strike portions of

Plaintiff All Underwriters' at Lloyds, London ("Lloyds") complaint;

2. Lloyds' motion to strike the defendants' demand for jury trial;

3. Lloyds' motion for partial summary judgment on the defendants' claim for attorney's fees;

4. Kolisch Insurance, Inc. and Joseph Kolisch's (collectively "Kolisch") motion to dismiss the

defendants' third-party complaint;

EXHIBIT

tabbies

2

5. The defendants' motion for protective order as to Lloyds' first set of interrogatories; and

6. The defendants' motion for protective order as to Lloyds' request for admissions.

Background

Lloyds brought this action seeking a declaratory judgment that a marine insurance policy issued to the defendants is <u>void ab initio</u>. Lloyds alleges that the defendants made several misrepresentations to Lloyds and its agents in the course of procuring the policy on the defendants' 32-foot motorboat "After Hours." "After Hours" sank on November 16, 1996 while moored at a dock behind Weisberg's home. Lloyds has elected, pursuant to Federal Rule of Procedure 9(h), to proceed with the declaratory judgment action subject to the Court's admiralty and maritime jurisdiction.

The defendants filed a counterclaim against Lloyds for breach of the same marine insurance policy. They alleged that the Court has admiralty and maritime, diversity, and ancillary jurisdiction over their compulsory counterclaim. The defendants made a timely jury demand and, also, claim as damages reasonable attorney's fees pursuant to Fla. Stat. § 627.428.

In addition, the defendants filed a third-party complaint impleading Kolisch, an insurance agent, and alleging breach of contract. The defendants alleged that Kolisch agreed to obtain coverage for the vessel "After Hours." Further, the defendants alleged that Kolisch assisted the defendants in filling out the various insurance forms. The defendants claimed that Lloyds' refusal to honor the marine insurance policy resulted in a breach of Kolisch's promise to obtain coverage on the vessel.

2

## Motion to Strike Portions of Complaint

The Court has reviewed those portions of Lloyds' complaint that the defendants deem objectionable. The Court finds each paragraph to be germane to issues raised by Lloyds' declaratory judgment action. Hence, the Court denies the defendants' motion.

## Motion to Strike Jury Trial Demand

Lloyds argues that its election under Federal Rule of Procedure 9(h) to proceed under the Court's admiralty and maritime jurisdiction forecloses the defendants' demand to have a jury hear their counterclaim for breach of contract. The defendants respond that, notwithstanding the plaintiff's Rule 9(h) election, they have a right pursuant to the "savings to suitors" clause of 28 U.S.C. § 1333(1) and the Seventh Amendment to have their common law claims against the plaintiff heard by a jury.

The Court has had occasion to address this issue in the past. In All Underwriters at Lloyds, London v. American Automotive Prod., Inc., No. 93-1779 (S.D. Fla. Aug. 18, 1994) (Highsmith, J.), the plaintiff sought a declaratory judgment of non-liability under an ocean marine cargo insurance policy. As in the instant case, the plaintiff made a Rule 9(h) election. American Automotive filed a counterclaim against the plaintiff for breach of the ocean marine insurance contract and demanded a jury trial. In granting the plaintiff's motion to strike the defendant's jury demand, the Court held, "[Lloyds'] election to proceed under admiralty extends to the whole action, including the counterclaim and the third party complaint." Id. at 5.

This result continues to be in accord with precedent binding on this Court and with the weight of authority. By making the Rule 9(h) election, Lloyds has elected the benefits of admiralty

3

procedures and remedies, including non-jury trial. 5 Wright & Miller, <u>Federal Practice and Procedure: Civil 2d</u> § 1313. Case law in this Circuit is clear that the plaintiff's election governs the whole action and cannot be overridden by another party's assertion of claims at law. <u>See Harrison v. Flota Mercante Grancolombiana, S.A.</u>, 577 F.2d 968, 987 (5th Cir. 1978) (plaintiff's 9(h) election prohibited jury trial of legal claims in third-party complaint). The Court recognizes the Ninth Circuit's disagreement, <u>see Wilmington Trust v. United States Dist. Court</u>, 934 F.2d 1026 (9th Cir. 1992), but notes that, according to the Court's research, most courts faced with this situation have stricken the jury demand. <u>See, e.g.</u>, <u>St. Paul Fire and Marine Ins. v. Holiday Fair, Inc.</u>, No. 94-5707, 1996 WL 148350 (S.D.N.Y. April 2, 1996); <u>Royal Ins. Co. of America v. Hansen</u>, 125 F.R.D. 5 (D. Mass. 1988); <u>Arkwright-Boston Mfr. Mut. Ins. Co. v. Bauer Dredging Co.</u>, 74 F.R.D. 461 (S.D. Tex. 1977). Accordingly, the Court grants Lloyds' motion to strike the defendants' jury demand.

<u>Motion for Summary Judgment (Treated as Motion to Strike)</u>
<u>on Issue of Attorney's Fees</u>

The Court considers Lloyds' motion for partial summary judgment to be a motion to strike ¶ 26 of the defendants' counterclaim. Therein, the defendants claim that if they prevail against Lloyds on their breach of contract claim they will be entitled to reasonable attorney's fees under Florida law. Lloyds, in its motion for summary judgment, argues that under federal maritime law, attorney's fees are not recoverable absent either federal statutory authorization or bad faith. The issue, therefore, is which law governs.

In <u>Offshore Logistics, Inc. v. Tallentire</u>, 477 U.S. 207, 222-23 (1986), the Supreme Court stated that "the extent to which state law may be used to remedy maritime injuries is constrained by

the so-called 'reverse-Erie' doctrine." Id. at 223. Under that rule of law, substantive remedies afforded by the states must conform to governing maritime law standards, if they exist. Id. On the issue of attorney's fees, the Court finds that such a governing standard exists – attorney's fees are not recoverable absent bad faith or statutory authorization. See Ins. Co. of North America v. M/V Ocean Lynx, 901 F.2d 934, 941 (11th Cir. 1990); Noritake Co. v. M/V Hellenic Champion, 627 F.2d 724, 730 (5th Cir. Unit A 1980); see also American Nat'l Fire Ins. Co. v. Kenealy, 72 F.3d 264, 271 (2d Cir. 1995); Southworth Mach. Co. v. F/V Corey Pride, 994 F.2d 37, 41-42 (1st Cir. 1993); Sosobee v. Rath, 893 F.2d 54, 56-57 (3d Cir. 1990); Goodman v. 1973 26 Foot Trojan Vessel, 859 F.2d 71, 74 (8th Cir. 1988). Any Florida law awarding attorney's fees to a prevailing party in the absence of bad faith clearly conflicts with federal maritime law and cannot be applied. The defendants have not alleged bad faith on the part of Lloyds; thus, the Court grants Lloyds' motion to strike the defendants' claim for attorney's fees.

### Motion to Dismiss Third-Party Complaint

Kolisch's motion to dismiss is predicated upon Federal Rule of Civil Procedure 12(b)(6) and argues that the defendants have failed to state a claim upon which relief can be granted. Kolisch argues that the third-party complaint must be dismissed for two reasons: (1) Kolisch submits that the defendants have not alleged, and cannot prove, any facts in support of their breach of contract claim that would show that they are entitled to relief; and (2) Kolisch contends that it was not properly impleaded under Federal Rule of Civil Procedure 14.

To state a claim, Federal Rule of Civil Procedure 8(a) requires, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court must "take the

material allegations of the complaint and its incorporated exhibits as true, and liberally construe the complaint in favor of the [third-party] Plaintiff." Burch v. Apalachee Community Mental Health Serv., Inc., 840 F.2d 797, 798 (11th Cir. 1988) (citation omitted), aff'd, 494 U.S. 113 (1990). It is well-settled in this Circuit that "the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The Court has reviewed the third-party complaint and finds it lacking in factual allegations supporting the breach of contract claim. The defendants alleged that Kolisch "agreed to obtain the coverage" and that Kolisch "was able to obtain the requested coverage through the Roanoke Companies of Miami, Florida as an agent for Underwriters at Lloyds." It appears, then, that Kolisch performed its agreement to obtain coverage. The defendants have not alleged (nor can they allege) that Kolisch was a party to the marine insurance contract attached to their third-party complaint.

In response, the defendants argue that their complaint "could be easily re-characterized as a claim for professional negligence on the part of the insurance agent rather than a breach of contract." The Court finds, however, that the third-party complaint is not capable of that interpretation. Therefore, the Court grants the motion to dismiss with leave to amend to properly state a cause of action against Kolisch.[1]

---

[1]The Court finds that Kolisch's alternative argument is without merit. Because Lloyds elected to invoke the Court's maritime and admiralty jurisdiction, the option of impleader under Rule 14(c) became available to the defendants. Under that subsection, the defendants could bring in a third-party defendant "who may be wholly or partly liable . . . to the third-party plaintiff . . . on account of the same transaction, occurrence, or series of transactions or occurrences." That criteria was met by the

<u>Motions for Protective Order</u>

The Court denies both of the motions for protective order for failure to comply with S.D. Fla. L.R. 26.1.I requiring a certificate of good faith to be filed with any discovery motion. In any event, the Court notes that the parties have resolved their dispute and that the motions are now moot.

<u>Conclusion</u>

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the defendants' motion to strike portions of Lloyds' complaint filed March 26, 1998 (D.E. # 9), is DENIED. It is further

ORDERED AND ADJUDGED that Lloyds' motion to strike the defendants' demand for jury trial filed March 30, 1998 (D.E. # 14), is GRANTED. It is further

ORDERED AND ADJUDGED that Lloyds' motion for partial summary judgment on attorney's fees (treated as a motion to strike) filed April 3, 1998 (D.E. # 17), is GRANTED. It is further ORDERED that the defendants shall have ten (10) days from the date of this order within which to amend their counterclaim to state a claim for attorney's fees cognizable under governing federal admiralty law  It is further

ORDERED AND ADJUDGED that Kolisch's motion to dismiss the defendants' third-party complaint filed April 15, 1998 (D.E. # 22), is GRANTED. It is further ORDERED that the defendants (third-party plaintiffs) shall have ten (10) days from the date of this order within which to file a First Amended Third-Party Complaint. Failure to file the pleading within this time frame shall result in the entry of a Final Order of Dismissal.  It is further

_____

third-party complaint.

7

ORDERED AND ADJUDGED that the defendants' motion for protective order as to Lloyds' first set of interrogatories filed April 27, 1998 (D.E. # 29), is DENIED. It is further

ORDERED AND ADJUDGED that the defendants' motion for protective order as to Lloyds' request for admissions filed April 28, 1998 (D.E. # 31), is DENIED.

DONE AND ORDERED in Chambers, at Miami, Dade County, Florida, this 21ᵗ day of May, 1998.

SHELBY HIGHSMITH
UNITED STATES DISTRICT JUDGE

cc:    John M. Mitchell, Esq.
       Robert Ader, Esq.
       Steven J. Chackman, Esq.

FEB 2 4 2000

4/12/

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ALL UNDERWRITERS SUBSCRIBING TO           Case No. 99-6420-CIV-FERGUSON
CERTIFICATE OF INSURANCE NO.
98B1/671, INCLUDING CERTAIN
UNDERWRITERS AT LLOYDS, LONDON,
AND CERTAIN MEMBER COMPANIES
OF THE INSTITUTE OF LONDON
UNDERWRITERS,

      Plaintiffs,

vs.

HARBOR ISLAND CHARTERS, INC., and
TED NITKA,

      Defendants.

_____/

### ORDER ON MOTION TO STRIKE DEMAND FOR ATTORNEY'S FEES

**THIS CAUSE** is before the Court on the plaintiffs' Motion to Strike Demand for Attorney's

Fees [D.E.8] in this maritime declaratory judgment action.

Having considered the motion [D.E.8] on the pleadings the same is **GRANTED** without

prejudice to renew. Under well established maritime law there can be no award of fees pursuant to

Fla. Stat. § 627.428 in the absence of a contract or bad faith. See Insurance Co. of North America

v. M/V Ocean Lynx, 901 F.2d 934, 941 (11th Cir. 1990); Garan, Inc. v. M/V Aivik, 907 F. Supp.397

(S.D. Fla. 1995); Ocean Barge Transp. Co. v. Hess Oil Virgin Islands, Corp., 598 F. Supp. 45, 47

(D.V.I. 1984). Here there is no contract for fees nor is there a pleading or showing of bad faith.

EXHIBIT
3

Page 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this ___ day of February,

2000.

_____
WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
Farris J, Martin, III, Esq.
Frederick D. Page, Esq.

AUG 20 1998

IN THE COUNTY COURT IN AND FOR
MONROE COUNTY, FLORIDA

CASE NO. 97-20086 CC-18

CORAL BAY MARINA, INC.,

      Plaintiff,

vs.

JOHN CORBO, etc.,

      Defendants.

_____/

JOHN CORBO,

      Third Party Plaintiff,

vs.

MARKEL AMERICAN INSURANCE
COMPANY,

      Third Party Defendant.

_____/

**ORDER GRANTING THIRD-PARTY
DEFENDANT MARKEL AMERICAN
INSURANCE CO.'S MOTION FOR
<u>PARTIAL SUMMARY JUDGMENT</u>**

THIS CAUSE having come on to be heard before the Court on July 14, 1998 on Third-Party Defendant, MARKEL AMERICAN INSURANCE COMPANY's ("MARKEL"), Motion for Partial Summary Judgment on the issue of the availability of attorneys fees pursuant to Florida Statute section 627.428, and the Court having heard argument of counsel, reviewed the Court file, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED, based on the below discussion, Third-Party Defendant's Motion for Partial Summary Judgment is GRANTED. Third Party Plaintiff JOHN CORBO's ("CORBO") demand for attorney's fees pursuant to Florida Statute section 627.428 included within his Third Party Complaint against MARKEL is stricken.

- 1 -

**EXHIBIT**

4

CASE NO. 97-20086 CC-18

DISCUSSION:

CORBO seeks a declaration of coverage under a policy of insurance issued by MARKEL for the partial submersion of his vessel, the M/V "BUSTED FLUSH". In his Third Party Complaint, CORBO asserted an entitlement to attorney's fees pursuant to Florida Statute section 627.428 in the event he established coverage for the loss. MARKEL argued this action is governed by federal maritime law and attorney's fees were not available under the federal maritime law absent a federal statute, bad faith or a contract provision.

Actions involving marine insurance policies have long been considered within the admiralty jurisdiction of the federal courts and governed by federal maritime law. _Insurance Co. v. Dunham_, 78 U.S. 1 (1870); _Grand Union Ins. Co. Ltd. v. Employers Ins. of Wausau_, 1987 A.M.C. 1828 (S.D. Fla. 1987). Florida state courts, in deciding maritime actions, including matters involving policies of marine insurance, are bound by established general maritime law. _See_, _Florida Marine Towing, Inc. v. United National Ins. Co._, 686 So.2d 711 (Fla. 3d DCA 1997); _Hawkins Sandblasting, Inc. v. Jacksonville Shipyards, Inc._, 668 So.2d 1042 (Fla. 1st DCA 1996); _Aetna Ins. Co. v. Dudney_, 595 So.2d 238 (Fla. 4th DCA 1992); _Peninsular Fire Ins. Co. v. Wells_, 438 So.2d 46 (Fla. 1st DCA 1983); _Still v. Dixon_, 337 So.2d 1033 (Fla. 2d DCA 1976).

Under federal admiralty law, attorney's fees are not recoverable by a prevailing party absent federal statutory authorization or bad faith. _See_, _Insurance Co. of N.A. v. M/V OCEAN_

- 2 -

LYNX, 901 F.2d 934, 941 (11th Cir. 1990); American National Ins. Co. v. Kenealy, 72 F.2d 264, 270 (2d Cir. 1995); Sosebee v. Rath, 893 F.2d 54, 56 (3rd Cir. 1990); B.P. North America Trading, Inc. v. Vessel PANAMAX NOVA, 784 F.2d 975 (9th Cir. 1986); Templeman v. Chris Craft Corp., 770 F.2d 245 (1st Cir.) cert. denied, 474 U.S. 1021 (1985); Whorton v. The Home Ins. Co., 724 F.2d 427 (4th Cir. 1984); Noritake Co. v. M/V HELLENIC CHAMPION, 627 F.2d 724, 730 (5th Cir. 1980); Garan, Inc. v. M/V AIVIK, 1995 A.M.C. 2657, 2660 (S.D. Fla. 1995).

In admiralty actions on marine insurance policies, general maritime law is applied to the exclusion of state law where there is an established federal admiralty rule of law. See, Ingersoll Mill. Mach. Co. v. M/V BODENA, 829 F.2d 293, 305 (2d Cir. 1987) (stating "[m]arine insurance contracts are governed by federal admiralty law when there is an established federal rule, and by state law when there is not."). As there is an established federal admiralty rule prohibiting attorney's fees in suits brought on marine insurance policies, Defendants are not entitled to attorney's fees in this action. Kenealy, 72 F.3d at 270-71.

In this matter, CORBO seeks attorney's fees pursuant to Florida Statute section 627.428. As in Kenealy, CORBO is not entitled to a recovery of attorney's fees under general maritime law pursuant to the Florida statute.

Other courts have also declined to award attorney's fees pursuant to a state statutory scheme where the statute conflicts with the general maritime rule. See, Southworth Mach. Co. v. F/V

CASE NO. 97-20086 CC-18

COREY PRIDE, 994 F.2d 37 (1st Cir. 1993); Sosebee v. Rath, 893 F.2d 54 (3rd Cir. 1990); Templeman v. Chris Craft Corp., 770 F.2d 245 (1st Cir.), cert. denied, 474 U.S. 1021 (1985); Garan, Inc. v. M/V AIVIK, 1995 A.M.C. 2657 (S.D. Fla. 1995); Ocean Barge Transp. v. Hess Oil Virgin Islands Corp., 598 F. Supp. 45 (D.V.I. 1984).

In Garan, Inc. v. M/V AIVIK, 1995 A.M.C. 2657 (S.D. Fla. 1995), the Court analyzed application of Florida's statutory Offer of Judgment statute in an admiralty action and determined the statute conflicted with the general maritime law. In particular, the AIVIK Court reviewed application of the Offer of Judgment statute under a reverse-Erie analysis. Id. at 2659; see, Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 223 (1986) (stating "the extent to which state law may be used to remedy maritime injuries is constrained by the so-called 'reverse-Erie' doctrine which requires that the substantive remedies afforded by the States conform to governing federal maritime standards.").

As explained in AIVIK, a state law may supplement federal maritime law only where: (1) the state law does not conflict with substantive maritime law; and (2) the state law provides a remedy not peculiar to maritime jurisdiction. 1995 A.M.C. at 2659. The AIVIK Court found the Offer of Judgment statute substantive in nature and in direct conflict with the general maritime rule of not allowing attorney's fees in admiralty. Id at 2659-61.

Section 627.428 of the Florida Statutes, under which CORBO makes his claim for attorneys' fees, is substantive in nature. Section 627.428 allows for attorneys' fees to any insured

- 4 -

CASE NO. 97-20086 CC-18

successful in establishing a right to recovery under an insurance policy. Like the Offer of Judgment Statute, Section 627.428 is a "statutory requirement for the nonprevailing party to pay attorney's fees [which] constitutes a new obligation or duty and is therefore substantive in nature." AIVIK, 1995 A.M.C. 2659, citing, Young v. Altenhause, 472 So.2d 1152, 1154 (Fla. 1985).

Because Florida Statute Section 627.428 conflicts with the general maritime law rule of not awarding attorneys' fees in admiralty actions, CORBO is not entitled to recovery of attorney's fees, should he succeed in establishing entitlement to coverage under the subject policy of marine insurance, pursuant to Florida Statute section 627.428.

DONE AND ORDERED in Chambers in Plantation Key, Florida, this 18th day of August, 1998.

_William A. Ptomey, Jr._

W. REAGAN PTOMEY, JR.
County Court Judge

COPIES FURNISHED TO:
Patrick C. Barthet, Esquire
Susan M. Ludovici, Esquire
Nelson Peralta, Esquire
John M. Mitchell, Esquire

- 5 -