UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

CASE NO. 00-06058-CIV-DAVIS/BROWN

ALL UNDERWRITERS SUBSCRIBING
TO CERTIFICATE OF INSURANCE
NUMBER 99B1/671, including SUBSCRIBING
UNDERWRITERS AT LLOYDS, LONDON,
AXA GLOBAL RISKS (U.K.) LIMITED "T" A/C,
And WUTEMBERGISCHE VERISCHERUNGAG
"T" A/C,

    Plaintiffs,

v.

H$_2$0 LIMITED,

    Defendant.
_____/

## JOINT SCHEDULING REPORT

Plaintiffs, ALL UNDERWRITERS SUBSCRIBING TO CERTIFICATE OF INSURANCE NUMBER 99B1/671, including SUBSCRIBING UNDERWRITERS AT LLOYDS, LONDON, AXA GLOBAL RISKS (U.K.) LIMITED "T" A/C, And WURTEMBERGISCHE VERISCHERUNGAG "T" A/C ("UNDERWRITERS") and Defendant H$_2$0 LIMITED and Counter-Plaintiff, MICHAEL KLINGENSMITH submit the following Joint Scheduling Report:



1

CASE NO. 00-06058-CIV-DAVIS/BROWN

## I. NATURE OF THE ACTION

This is an action for Declaratory Relief within the Admiralty and Maritime jurisdiction of the United States District Court and is brought within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and supplemental Rules governing Admiralty and Maritime claims.

UNDERWRITERS filed a Declaratory Judgment action for the purposes of determining a question of actual controversy between the parties regarding their rights and responsibilities under a contract for marine insurance and a loss covered thereunder which occurred in Great Harbour, Bahamas, on September 14, 1999 during Hurricane Floyd.

The Defendant counter-claimed for breach of contract claiming that Plaintiffs UNDERWRITERS breached the contract of insurance by failure to make timely payments due under the policy, and along with Third-Party Plaintiff Michael B. Klingensmith have filed a Third-Party Complaint against C.A. Hansen, a division of Brown and Brown, Inc., and Tropical Diversions, Inc. based upon alleged nonfeasance and malfeasance with respect to issuance of the policy and handling of the claim.

## II. JURY TRIAL

This is a non-jury trial as to Plaintiff's claim for Declaratory Relief. Defendant H2O and Third-Party Plaintiff Michael B. Klingensmith demanded trial by jury as to all issues so triable on May 4, 2000.

## III. SUMMATION OF PLAINTIFFS' CLAIM

UNDERWRITERS issued Certificate of Insurance No. 99B1/671 providing hull and machinery coverage for $H_2O$ LIMITED'S 1979 47-foot Vagabond sailboat named "NOVENA" for the twelve-month period beginning July 9, 1999. The Policy insured the "NOVENA" and her tender for a total of One Hundred Fifty Five Thousand and No/100 Dollars ($155,000.00). The Policy also included a "tender and motor endorsement" that said the Policy included coverage for the vessel's tender, a 1991 24 foot Grumman equipped with a 1996 40 horsepower Suzuki outboard engine for a total of Six Thousand and No/100 Dollars ($6,000.00). The tender and motor endorsement noted that the $155,000.00 agreed value should be reduced proportionately for the $6,000.00 value of the tender in the event of a loss.

On or about September 14, 1999, the "NOVENA" partially submerged at her dock in Great Harbor, Bahamas due to Hurricane Floyd. The tender was not damaged during the hurricane.

UNDERWRITERS offered to pay Defendant $155,000.00 for the agreed value of the vessel under the Policy. UNDERWRITERS also agreed to pay salvage

2

CASE NO. 00-06058-CIV-DAVIS/BROWN

expenses and storage costs for the vessel up to December 31, 1999. The Defendant rejected the settlement offer. (UNDERWRITERS note they agreed to pay the $155,000.00 agreed value without reduction for the value of the tender in an effort to settle the claim before litigation.)

UNDERWRITERS subsequently offered to pay Defendant $114,901.00, which represents $155,000.00 for the agreed value of the vessel less $40,099.00 for the vessel's salvage value. UNDERWRITERS also offered to pay the salvage expenses and storage fees for the vessel up to December 31, 1999. Defendant rejected this alternative settlement offer.

The salvage expenses for the vessel are approximately Twelve Thousand Eight Hundred Eighty Nine and 37/100 Dollars ($12,889.37) and the storage charges for the vessel from approximately September 29, 1999 through December 31, 1999 are One Thousand Five Hundred Sixty Seven and 36/100 Dollars ($1,567.36).

Defendant demands UNDERWRITERS repair the vessel, however the repair costs and salvage expenses exceed the agreed value of the vessel. Alternatively, Defendant demands One Hundred Seventy Thousand and No/100 Dollars to settle the claim. ($170,000.00). This amount also exceeds the agreed value of the vessel.

Because the costs of repairs plus salvage and storage exceed the agreed value of the vessel, she is a constructive total loss.

In light of the fact the vessel is a constructive loss and UNDERWRITERS offers to settle the claim for the agreed value, UNDERWRITERS have fulfilled their contractual obligations to Defendant and are not required to pay any additional amount to resolve the claim.

In addition, UNDERWRITERS assert the INSUREDS are not entitled to recover attorney's fees pursuant to Florida Statute §627.428 because the Florida Statute conflicts with entrenched maritime precedent by awarding attorney's fees to insureds who prove coverage regardless of whether the insurer acted in bad faith.

Finally, Counter-Plaintiff, who is not an insured and has no standing to sue UNDERWRITERS.

### IV.   SUMMATION OF INSUREDS' CLAIM

Defendant H20 contends that Plaintiffs breached the policy of insurance by failing to make timely payment of sums due, and improperly attempting to condition payment on release of claims extraneous to the policy of insurance, and by denying coverage for loss of personal property, cargo, medical expenses, and for indemnity for losses suffered by Michael Klingensmith. In addition, Third-party

CASE NO. 00-06058-CIV-DAVIS/BROWN

Plaintiff asserts entitlement to damages against Plaintiffs UNDERWRITERS as a third-party beneficiary under the policy for indemnity coverage.

Defendant H20 also asserts a claim against Third-Party Defendant C.A. Hansen for failure to secure coverage for $170,000.00 as directed, and along with Third-Party Klingensmith alleges that Hansen and Third-Party Defendant Tropical Diversions, Inc. are liable for improper handling of the claim, including leaving Klingensmith and "Novena"'s tender stranded in the Bahamas, and allowing or participating in the theft or loss of valuable personalty on board the boat at the time of the sinking.

A. **DETAILED SCHEDULE OF DISCOVERY**

The parties expect to exchange the following discovery:

(1) The parties expect to depose their respective representatives in this action. In addition, the parties expect to depose witnesses, including but not limited to:

   a) Joel Sparrow;
   b) A representative from C.A. Hansen;
   c) A representative from Tropical Diversions Yacht Services;
   d) Other witnesses identified as the case progresses.

(2) The parties are in the process of exchanging Answers to Interrogatories, Requests for Production and Requests for Admissions. The parties anticipate serving additional discovery as the case progresses.

(3) The parties agree to exchange marked documents or a list of discoverable documents and witness lists, in accordance with local Rules 16.1(B)(1) and (4), within twenty (20) days of the filing of this Joint Scheduling Report.

(4) The parties agree that expert witnesses shall be disclosed by October 1, 2000, with rebuttal experts, if any, disclosed by November 1, 2000.

(5) All supplementation of discovery responses shall be completed at least fifteen (15) days before the close of discovery.

B. **LIKELIHOOD OF SETTLEMENT**

(1) The parties will discuss settlement and have agreed to participate in mediation.

C. **LIKELIHOOD OF APPEARANCE IN ACTION OF ADDITIONAL PARTIES**

CASE NO. 00-06058-CIV-DAVIS/BROWN

(1) Third-Party Defendant Tropical Diversions Yacht Services has just recently made an appearance through counsel and moved for an extension of time to respond, which was granted without objection. C.A. Hansen has also moved for an extension through counsel for UNDERWRITERS, in order to clear a potential conflict of interest or to allow C.A. Hansen to engage separate counsel.

### D. PROPOSED TIME LIMITS

**(1) To join other parties and amend pleadings:**

The parties agree they may amend their respective pleadings and/or join other parties without leave of Court up to October 1, 2000. If discovery reveals special or new grounds for the parties to assert additional claims or join new parties after the October 1, 2000 deadline, then they must file an appropriate motion with the Court and show good cause.

**(2) To file and hear motions:**

The parties propose that pre-trial motions be filed on or before November 20, 2000.

**(3) To complete depositions of lay witnesses:**

The parties propose a deadline for the completion of discovery of November 20, 2000.

**(4) To complete expert witness' reports and depositions:**

The parties propose expert witness reports shall be filed no later than October 20, 2000. The parties shall have two weeks from their respective expert report deadlines to supplement their reports or provide reports with rebuttal opinions. The depositions of expert witnesses shall be completed on or before November 15, 2000.

### E. PROPOSAL FOR FORMULATION AND SIMPLIFICATION OF ISSUES

The parties shall agree to discuss simplification and/or elimination of frivolous claims or defenses as the case progresses.

### F. NECESSITY OF AMENDMENTS TO PLEADINGS

The parties do not anticipate the necessity to amend their pleadings.

5

CASE NO. 00-06058-CIV-DAVIS/BROWN

G. **ADMISSIONS OF FACTS OR DOCUMENTS AND EVIDENTIARY RULINGS**

The parties will endeavor to stipulate to facts and the authenticity and admissibility of documents before trial.

H. **AVOIDANCE OF UNNECESSARY PROOF AND/OR ACCUMULATIVE EVIDENCE**

The parties will also discuss the avoidance of unnecessary proof and/or accumulative evidence.

I. **MOTIONS PENDING BEFORE THE COURT**

UNDERWRITERS currently have pending before the Court the following motions:

a. Plaintiffs' Motion to Strike Defendant/Counter-Plaintiff's Prayer for Attorney's Fees.
b. Defendant's Motion for Summary Judgment.

J. **ADVISABILITY OF REFERRING MATTERS TO A MAGISTRATE JUDGE OR MASTER**

The parties stipulate to a Magistrate or Master hearing all discovery motions. The parties reserve their right to object to Magistrate's findings.

K. **PRELIMINARY ESTIMATE OF TIME REQUIRED FOR TRIAL**

The parties expect the trial to take approximately two (2) days.

L. **REQUESTED DATES FOR CONFERENCES BEFORE TRIAL, FINAL PRE-TRIAL CONFERENCE AND TRIAL**

The parties suggest trial in this matter sometime in December of 2000, with a Pre-Trial Conference on or before November 30, 2000.

CASE NO. 00-06058-CIV-DAVIS/BROWN

DATED this 30th day of May, 2000.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| KELLER & HOUCK, P.A.<br>Attorneys for Plaintiff<br>200 S. Biscayne Blvd., Suite 300<br>Miami, Florida 33131-5308<br>Tel: (305) 372-9044<br>Fax: (305) 372-5044<br><br>BY: _____<br>FARRIS J. MARTIN, III, ESQ.<br>FLORIDA BAR NO. 879916 | JENNINGS & VALANCY, P.A.<br>Attorneys for Defendant/Counter-Plaintiffs<br>311 Southeast 13th Street<br>Ft. Lauderdale, Florida 33316<br>Tel: (904) 353-2000<br>Fax: (904) 358-1872<br><br>BY: _____<br>ROBERT L. JENNINGS, ESQ.<br>FLORIDA BAR NO. 348074 |

FB# 059670

CASE NO. 00-06058-CIV-DAVIS/BROWN

DATED this 30th day of May, 2000.

Respectfully submitted,                              Respectfully submitted,

KELLER & HOUCK, P.A.                                 JENNINGS & VALANCY, P.A.
Attorneys for Plaintiff                              Attorneys for Defendant/Counter-Plaintiffs
200 S. Biscayne Blvd., Suite 300                     311 Southeast 13th Street
Miami, Florida 33131-5308                            Ft. Lauderdale, Florida 33316
Tel: (305) 372-9044                                  Tel: (904) 353-2000
Fax: (305) 372-5044                                  Fax: (904) 358-1872

BY: _____                          BY: _____
    FARRIS J. MARTIN, III, ESQ.                          ROBERT L. JENNINGS, ESQ.
    FLORIDA BAR NO. 879916                               FLORIDA BAR NO. 348074

7