

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO: 00-06058-CIV-DAVIS

ALL UNDERWRITERS SUBSCRIBING
TO CERTIFICATE OF INSURANCE
NUMBER 99B1/671 including SUBSCRIBING
UNDERWRITERS AT LLOYDS, LONDON,
AXA GLOBAL RISKS (U.K.) LIMITED "T" A/C,
And WURTEMBERGISCHE VERISCHERUNGAG
"T" A/C,

    Plaintiffs

vs.

H20 LIMITED,

    Defendant.

---

H20 LIMITED and MICHAEL B. KLINGENSMITH,

    Counter-Plaintiffs,

vs.

ALL UNDERWRITERS SUBSCRIBING
TO CERTIFICATE OF INSURANCE
NUMBER 99B1/671, etc.,

    Counter-Defendants,

and

C.A. HANSEN, a division of BROWN & BROWN, INC.
and TROPICAL DIVERSIONS YACHT SERVICES, INC.

    Third-Party Defendants.

_____/



## ANSWER, AFFIRMATIVE DEFENSES, MOTION TO STRIKE DEMAND FOR JURY TRIAL AND MEMORANDUM OF LAW INCORPORATED THEREIN

COMES NOW, Third-Party Defendant, TROPICAL DIVERSIONS YACHT SERVICES, INC., (hereinafter referred to as "TROPICAL DIVERSIONS), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, files this its Answer, Affirmative Defenses, Motion to Strike Demand for Jury Trial and Memorandum of Law Incorporated Therein, stating as follows:

1. This Third-Party Defendant admits the allegations of paragraph #6 of the Third-Party Complaint.

2. This Third-Party Defendant admits the allegations of paragraph #27 of the Third-Party Complaint insofar as it did undertake salvage operations with respect to Counter-Plaintiff's (hereinafter referred to as "Third-Party Plaintiff) vessel, the "Novena", and that it assumed a duty of reasonable care and good faith in accordance with general maritime principles in performing these operations.

3. This Third-Party Defendant specifically denies the allegations of paragraphs #18, #20, #28, #29, #30, #31 and #32 of the Third-Party Complaint and demands strict proof thereof.

4. This Third-Party Defendant is without knowledge as to the allegations of paragraphs #1, #2, #3, #4, #5, #7, #9 (there appears to be no paragraph #8), #10, #11, #12, #13, #14, #15, #16, #17, #19 and any other paragraph not specifically addressed herein, and therefore deny the same and demand strict proof thereof.

### AFFIRMATIVE DEFENSES

1. This Third-Party Defendant asserts that Third-Party Plaintiff, MICHAEL B.

2

KLINGENSMITH, was comparatively at fault for the loss of personal property and equipment referenced in his Third-Party Complaint through his own negligence or malfeasance and should have any recovery correspondingly reduced thereby.

2. As a separate and distinct affirmative defense, this Third-Party Defendant would assert that Third-Party Plaintiff, MICHAEL B. KLINGENSMITH, caused or contributed to cause, through his actions and/or through others acting on his behalf, the loss and/or damage to various personal properties and equipment referenced in the Third-Party Complaint and should, therefore, be denied recovery as a matter of law.

3. As a separate and distinct affirmative defense, this Third-Party Defendant would assert that Third-Party Plaintiff's losses, if any, were caused by the negligence or malfeasance of third parties over whom this Third-Party Defendant exercised no dominion or control, therefore, Third-Party Defendant's liability should be correspondingly reduced by that percentage of negligence or malfeasance attributable to said third parties.

4. As a separate and distinct affirmative defense, this Third-Party Defendant would assert that Third-Party Plaintiffs have failed to sustain their burden in showing that Third-Party Defendant was grossly negligent or was guilty of willful misconduct with respect to the property interests of Third-Party Plaintiffs, therefore, Third-Party Plaintiffs' action is barred as a matter of law.

5. As a separate and distinct affirmative defense, this Third-Party Defendant would request a setoff for any collateral sources of indemnity that may be payable or are payable as a matter of law.

6. As a separate and distinct affirmative defense, Third-Party Plaintiff, H20 LIMITED,

has no vested interest in any of the property made claim for by co-Third-Party Plaintiff, MICHAEL B. KLINGENSMITH, therefore, its claim is barred as a matter of law.

7. As a separate and distinct affirmative defense, the Third-Party Plaintiffs failed to mitigate their damages upon learning of the loss.

8. This Third-Party Defendant would affirmatively show that the sole cause of the damages for which Third-Party Plaintiffs complain was an act of God, i.e., a hurricane, which resulted in the loss of certain personal property for which Third-Party Plaintiffs cannot recover against this Third-Party Defendant as a matter of law.

9. As a separate and distinct affirmative defense, Third-Party Defendant would show entitlement to a set-off of the amount of any verdict in favor of Third-Party Plaintiffs in such an amount as has been paid to or may come to be paid for or on behalf of Third-Party Plaintiffs' benefit by or on behalf of other tortfeasors arising from the subject incident.

10. Third-Party Defendant would affirmatively assert that Third-Party Plaintiffs fail to state a claim for which relief can be granted.

11. As a separate and distinct affirmative defense, this Third-Party Defendant would assert that part of Third-Party Plaintiff, MICHAEL B. KLINGENSMITH's damage claim herein is as a result of illegal or inappropriate actions on the part of MICHAEL B. KLINGENSMITH, which has resulted in certain property allegedly belonging to Third-Party Plaintiffs to be seized by the Bahamian Government.

12. This Third-Party Defendant would further affirmatively assert that the negligent, illegal and/or improper actions of co-Third-Party Plaintiff, MICHAEL B. KLINGENSMITH, is imputed to co-Third-Party Plaintiff, H2O LIMITED, under the law of agency and acts to reduce

any recovery thereby against Third-Party Defendant.

WHEREFORE, Third-Party Defendant, TROPICAL DIVERSIONS YACHT SERVICES, INC., respectfully requests this Honorable United States District Court enter judgment in favor of Third-Party Defendant, TROPICAL DIVERSIONS YACHT SERVICES, INC. and against Third-Party Plaintiffs, H20 LIMITED and MICHAEL B. KLINGENSMITH, together with costs, attorney's fees and other relief as this Court may deem just and proper, in accordance with the foregoing.

## MOTION TO STRIKE DEMAND FOR JURY TRIAL AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW, the Third-Party Defendant, TROPICAL DIVERSIONS YACHT SERVICES, INC., (hereinafter referred to as "TROPICAL DIVERSIONS") by and through its undersigned counsel, and pursuant to Rule 12(f), Federal Rules of Civil Procedure, requests this Honorable Court strike Counter-Plaintiffs, H20 LIMITED and MICHAEL B. KLINGENSMITH, (hereinafter referred to as "Third-Party Plaintiffs), Demand for Jury Trial filed with their Answer, Affirmative Defenses, Counter-Claim and Third-Party Complaint, and in support thereof states as follows:

1. Plaintiffs filed a Declaratory Judgment action and elected to proceed under this Honorable Court's in admiralty and maritime jurisdiction pursuant to Title 28 U.S.C. §1333 and Rule 9(h), Federal Rules of Civil Procedure.

2. In their Answer, Affirmative Defenses, Counter-Claim and Third-Party Complaint, Third-Party Plaintiffs filed same "In Admiralty" on or about April 27, 2000, but subsequently filed with this Honorable Court on or about May 4, 2000 a two page document entitled

"Defendants'/Counter-Plaintiffs' Demand for a Jury Trial" requesting a trial by jury as to all issues so triable. (A copy of Defendants'/Counter-Plaintiffs' Demand for a Jury Trial is attached hereto and incorporated herein by reference as **Exhibit "A"**).

3. That the subject Demand for Jury Trial appears to only apply to the Counter-Claim and defense as to the Declaratory Judgment Action filed by Plaintiffs in the underlying suit, however, the Certificate of Service indicates that same was served by counsel for Third-Party Plaintiffs on co-Third-Party Defendant, C.A. HANSEN. Same was not, however, served on this Third-Party Defendant, TROPICAL DIVERSIONS YACHT SERVICES, INC..

4. In an abundance of caution, Third-Party Defendant files this Motion to Strike a Demand for Jury Trial to the extent same may pertain to the claims raised by the Third-Party Plaintiffs against this Third-Party Defendant on the grounds that Third-Party Plaintiffs are not entitled to a jury trial in actions such as the subject litigation brought pursuant to this Court's admiralty jurisdiction and Rule 9(h).

WHEREFORE, Third-Party Defendant, TROPICAL DIVERSIONS YACHT SERVICES, INC., respectfully requests this Honorable United States District Court enter an order striking Third-Party Plaintiffs, H20 LIMITED and MICHAEL B. KLINGENSMITH's Demand for Jury Trial.

## MEMORANDUM OF LAW

This Court's admiralty jurisdiction in an action involving a Marine Insurance Policy is unquestioned. Insurance Co. v. Dunham, 78 US (11 Wall.) 1, 20 L.Ed. 90 (1870); see also Kossick v. United Fruit Co., 365 US 731, 81 S.Ct. 886 (1961). A pleader may elect to proceed in admiralty without a jury by filing an identifying statement under Rule 9(h) of the Federal Rules

of Civil Procedure. 9 Wright & Miller, Federal Practice & Procedures, §2315, p.76 (stating "if plaintiff exercises that option [identifies the claim as an admiralty or maritime claim as permitted by Rule 9(h)] there will ordinarily be no jury trial ..."). This is precisely what occurred in this action.

There is no right to a jury trial in cases brought pursuant to the Court's admiralty jurisdiction. Fitzgerald v. US Lines Co., 374 US 16, 20 (1963); Fed.R.Civ.P. 38(e) (noting that the Federal Rules concerning a right to jury trial "shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)"). The impact of a 9(h) election is that all claims are tried by the Court, rather than a jury. 9 Wright & Miller, Federal Practice & Procedures, §2315, p.76 (1971). Accordingly, Third-Party Plaintiffs have no right to demand jury trial for a claim brought within the Court's admiralty jurisdiction, even against this Third-Party Defendant.

It is beyond dispute that Third-Party Plaintiffs have not brought a claim under the Great Lakes Act or under any judicial exception to the Jones Act that acts to circumvent the well settled rule admiralty cases are to be tried by the Court rather than a jury. Third-Party Plaintiffs are not permitted to defeat admiralty jurisdiction pled by the Plaintiffs herein by requesting a jury trial relating to a counter-claim or a Third-Party Complaint arising out of the same common nucleus of operative facts. Cf. Arkwright-Boston Mfrs. Mutual Ins. Co. v. Bauer Dredging Co., Inc., 74 F.R.D. 461 (where insurer sought declaration that it was not liable on a marine insurance policy because of defendant's breach, having designated the suit as one in admiralty, the defendants were not entitled to a jury trial on their amended counter-claim seeking damages from the insurer).

Third-Party Plaintiffs, to the extent their demand for jury trial is interpreted by this Court as pertaining to this Third-Party Defendant, have not set forth any specific allegations regarding a non-maritime ground for subject matter jurisdiction and have, in fact, filed all of their pleadings with the admiralty side of the Court. Moreover, there are no allegations of diversity of citizenship or any independent federal question jurisdictional basis. Third-Party Plaintiffs cannot reframe the underlying allegations of Plaintiffs' Complaint for Declaratory Judgment action in their separate lawsuit against this Third-Party Defendant (based upon the same marine policy of insurance and salvage operation initiated thereunder) to defeat this Honorable Court's admiralty jurisdiction. If a claim is cognizable only in admiralty, the parties will not be entitled to a jury trial in any event where there is no non-maritime ground for subject matter jurisdiction. <u>Oroco Marine, Inc. v. National Marine Serv., Inc.</u>, 71 F.R.D. 220 (D.C. Tex. 1976).

WHEREFORE, Third-Party Defendant, TROPICAL DIVERSIONS YACHT SERVICES, INC., respectfully requests this Honorable United States District Court enter an order striking Third-Party Plaintiffs, H20 LIMITED and MICHAEL B. KLINGENSMITH's Demand for Jury Trial, to the extent same is construed as seeking a trial by jury of those claims raised in the Third-Party Complaint against this Third-Party Defendant, in accordance with the foregoing.

WE HEREBY CERTIFY that a copy of the foregoing has been furnished to: Robert L. Jennings, Jennings & Valancy, P.A., 311 SE 13th Street, Fort Lauderdale, Florida 33316; Farris J. Martin, III, Esq., Keller & Houck, P.A., 200 South Biscayne Blvd., Suite 3460, Miami, Florida 33131-5308, Michael B. Klingensmith, P O Box 30441, Palm Beach Gardens, Florida 33420 and

C.A. Hansen, 5900 N. Andrews Avenue, #900, Fort Lauderdale, Florida 33309 this 7th day of June, 2000.

                                            BILLING, COCHRAN, HEATH, LYLES
                                            &amp; MAURO, P.A.
                                            Attorneys for Third-Party Defendant
                                            888 S.E. Third Avenue
                                            Suite 301
                                            Fort Lauderdale, Florida 33316
                                            (954) 764-7150
                                            (954) 764-7279 (facsimile)

                                            By: _____
                                                 SHAWN B. McKAMEY, ESQ.
                                                 Fla. Bar No: 991384

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DISTRICT

IN ADMIRALTY

ALL UNDERWRITERS SUBSCRIBING
TO CERTIFICATE OF INSURANCE
NUMBER 99B1/671 including SUBSCRIBING
UNDERWRITERS AT LLOYDS, LONDON,
AXA GLOBAL RISKS (U.K.) LIMITED "T" A/C,
And WURTEMBERGISCHE VERISCHERUNGAG
"T" A/C,

        Case No.: 00-06058-CIV-DAVIS

    Plaintiffs,

vs.

$H_2O$ LIMITED,

    Defendant.
_____/

$H_2O$ LIMITED and MICHAEL B. KLINGENSMITH,

    Counter-Plaintiffs,

vs.

ALL UNDERWRITERS SUBSCRIBING
TO CERTIFICATE OF INSURANCE
NUMBER 99B1/671, etc.,

    Counter-Defendants,

and

C.A. HANSEN, a division of BROWN & BROWN, INC.
and TROPICAL DIVERSIONS YACHT SERVICES, INC.

    Third-Party Defendants.
_____/

SCANNED

EXHIBIT A



### DEFENDANTS'/COUNTER-PLAINTIFFS' DEMAND FOR A JURY TRIAL

Defendant $H_2O$ Limited and Counter-Plaintiff Michael Klingensmith hereby demand trial by jury in the above-styled cause, as to all issues so triable.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail on Farris J. Martin, III, Esquire, Attorneys for Plaintiffs, KELLER & HOUCK, P.A., 200 South Biscayne Boulevard, Suite 3460, Miami, Florida 33131-5308, Michael B. Klingensmith, Agent for $H_2O$, Ltd., P.O. Box 30441, Palm Beach Gardens, Florida 33420, and C.A. Hansen, 5900 N. Andrews Avenue, Ste. 900, Fort Lauderdale, Florida 33309, this ____ day of May, 2000.

JENNINGS & VALANCY, P.A.
Attorneys for Defendants
$H_2O$ and Klingensmith
311 Southeast 13th Street
Ft. Lauderdale, Florida 33316
(954) 463-1600 Telephone
(954) 463-1222 Telecopy

By: _____
Robert L. Jennings
Florida Bar No. 348074