UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

CASE NO. 00-6058-CIV-ZLOCH

ALL UNDERWRITERS SUBSCRIBING
TO CERTIFICATE OF INSURANCE
NO. 99B1/671, including SUBSCRIBING
UNDERWRITERS AT LLOYDS, LONDON,
AXA GLOBAL RISKS (U.K.) LIMITED "T" A/C,
and WURTEMBERGISCHE VERISCHERUNGAG
"T" A/C,

    Plaintiffs,

vs.

H²O LIMITED,

    Defendant.

**NIGHT BOX FILED**

**JUN 2 1 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

H²O LIMITED and MICHAEL B. KLINGENSMITH,

    Counter-Plaintiffs,

vs.

ALL UNDERWRITERS SUBSCRIBING TO
CERTIFICATE OF INSURANCE NUMBER
99B1/671, etc.,

    Counter-Defendants,

and

C.A. HANSEN, a division of BROWN & BROWN, INC.
and TROPICAL DIVERSIONS YACHT SERVICES, INC.,

    Third-Party Defendants.

_____/

**THIRD-PARTY DEFENDANT'S, C.A. HANSEN,**

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Third-Party Defendant, C.A. HANSEN, a division of BROWN & BROWN, INC. (hereinafter "C.A. HANSEN"), by and through its undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and files its Answer and Affirmative Defenses to the Third-Party Complaint of Defendants, H$^2$O LIMITED and MICHAEL KLINGENSMITH, stating:

1.  C.A. HANSEN is without knowledge as to the jurisdictional allegations asserted in paragraph 1, therefore it is denied.

2.  The allegations set forth in paragraph 2 are denied as C.A. HANSEN is without knowledge as to the appropriate venue for Co-Defendant, TROPICAL DIVERSIONS YACHT SERVICES, INC. (hereinafter "TROPICAL") under 28 U.S.C. §1391(b).

3.  C.A. HANSEN is without knowledge as to the allegations set forth in paragraph 3, therefore they are denied.

4.  C.A. HANSEN is without knowledge as to the allegations set forth in paragraph 4, therefore they are denied.

5.  Admitted.

6.  Paragraph 6 is denied as phrased.

7.  Admitted.

9.  Denied.

10. Denied.

11. Paragraph 11 is denied to the extent that it contains allegations inconsistent with the typed language of Exhibit "A."

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Paragraph 17 is denied as phrased but, admitted that TROPICAL was the salvor.

18. C.A. HANSEN is without knowledge as to the allegations set forth in paragraph 18, therefore they are denied.

19. Denied.

20. Denied.

21. C.A. HANSEN reavers and realleges its responses to paragraph 1 through 20 as if fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

25. - 32. of Count II are allegations asserted against TROPICAL and do not require an answer by C.A. HANSEN. To the extent an answer is required to any of these paragraphs, they are specifically denied.

### Affirmative Defenses

In furtherance of the foregoing Answers, Third-Party Defendant, C.A. HANSEN, sets forth the following defenses, and affirmatively states:

1. As and for its FIRST Affirmative Defense, Third-Party Defendant, C.A. HANSEN, states that Third-Party Plaintiff, MICHAEL B. KLINGENSMITH (hereinafter

"KLINGENSMITH"), is without standing to maintain this action as there was no contractual privity between Plaintiff UNDERWRITERS and H²O LIMITED. Furthermore, Third-Party Defendant, KLINGENSMITH was owed no duty by C.A. HANSEN as he is not a real party in interest.

2. As and for its SECOND Affirmative Defense, Third-Party Defendant, C.A. HANSEN, states that Third-Party Plaintiffs were comparatively at fault for the loss of personal property and equipment referenced in the Third-Party Complaint through their own negligence or malfeasance and should have any recovery correspondingly reduced thereby.

3. As and for its THIRD Affirmative Defense, Third-Party Defendant, C.A. HANSEN, states that the Third-Party Plaintiffs caused or contributed to cause, through their actions, or those acting on their behalf, to the loss and/or damage to various personal property and equipment referenced in the Third-Party Complaint and should, therefore, be denied recovery as a matter of law.

4. As and for its FOURTH Affirmative Defense, Third-Party Defendant, C.A. HANSEN, states that Third-Party Plaintiffs' losses, if any, were caused by the negligence or malfeasance of third-parties over whom C.A. HANSEN exercised no diminution or control, therefore Third-Party Defendant's liability should be correspondingly reduced by the percentage of negligence or malfeasance attributable to said third-parties.

5. As and for its FIFTH Affirmative Defense, Third-Party Defendant, C.A. HANSEN, states that C.A. HANSEN is entitled to a set-off for any collateral sources of indemnity that may be payable or are payable as a matter of law.

6. As and for its SIXTH Affirmative Defense, Third-Party Defendant, C.A. HANSEN, states that Third-Party Plaintiff, KLINGENSMITH, had no vested interest in any of the property

allegedly under insured which was owned by Co-Third-Party Plaintiff, KLINGENSMITH, therefore, its claim is barred as a matter of law.

7. As and for its SEVENTH Affirmative Defense, Third-Party Defendant, C.A. HANSEN, states that Third-Party Plaintiffs failed to mitigate their damages upon learning of the loss.

8. As and for its EIGHTH Affirmative Defense, Third-Party Defendant, C.A. HANSEN, states that the sole cause of the damages for which Third-Party Plaintiffs complain was an act of God, that is, a hurricane which resulted in the loss of certain personal property for which Third-Party Plaintiffs cannot recover against this Third-Party Defendant's alleged negligence as a matter of law.

9. As and for its NINTH Affirmative Defense, Third-Party Defendant, C.A. HANSEN, states that C.A. Hansen will show entitlement to a set-off of the amount of any judgment in favor of Third-Party Plaintiffs in such an amount as has been paid to or may come to be paid for or on behalf of the Third-Party Plaintiffs' benefit by or on behalf of other tortfeasors arising from the incident complained of.

10. As and for its TENTH Affirmative Defense, Third-Party Defendant, C.A. HANSEN, states that the Third-Party Plaintiffs have failed to state a claim for which relief may be granted.

11. As and for its ELEVENTH Affirmative Defense, Third-Party Defendant, C.A. HANSEN, states that the damages asserted by Third-Party Plaintiff, KLINGENSMITH, resulted from illegal or inappropriate actions on the part of KLINGENSMITH which resulted in certain property allegedly belonging to Third-Party Plaintiffs to be seized by the Bahamian government.

12. As and for its TWELFTH Affirmative Defense, Third-Party Defendant, C.A.

HANSEN states that the negligence, illegal and/or improper actions of Co-Third-Party Plaintiff, KLINGENSMITH, must be imputed to Co-Third-Party Plaintiff, H²O LIMITED under the law of agency and acts to reduce any recovery against C.A. HANSEN.

WHEREFORE, Third-Party Defendant, C.A. HANSEN, respectfully request this Court enter judgment in favor of C.A. HANSEN against Third-Party Plaintiffs, H²O LIMITED and MICHAEL B. KLINGENSMITH, together with costs, attorney's fees and for such other and further relief as this Court must deem just and proper.

### Certificate of Service

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Telefax and U.S. Mail this 20th day of June 2000 to: Farris J. Martin, III, Esq., Keller & Houck, P.A., Attorneys for Plaintiff, 200 South Biscayne Boulevard, Suite 3460, Miami, Florida 33131-5308; Robert L. Jennings, Esq., Jennings & Valancy, P.A., Attorneys for H²O Limited and Klingensmith; and Shawn B. McKamey, Esq., Billing, Cochran, *et al.*, Attorneys for Third Party Defendant, Tropical Diversions, 888 Southeast Third Avenue, Suite 301, Ft. Lauderdale, Florida 33316.

JAMES W. STROUP, P.A.
Attorneys for C.A. Hansen
119 Southeast 12th Street
Ft. Lauderdale, Florida 33316
954-462-8808; fax 462-0278

By: _____
JAMES W. STROUP
Fla Bar No. 0842117