UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DISTRICT

IN ADMIRALTY

ALL UNDERWRITERS SUBSCRIBING
TO CERTIFICATE OF INSURANCE
NUMBER 99B1/671 including SUBSCRIBING
UNDERWRITERS AT LLOYDS, LONDON,
AXA GLOBAL RISKS (U.K.) LIMITED "T" A/C,
And WURTEMBERGISCHE VERISCHERUNG AG
"T" A/C,

Case No.: 00-06058-CIV-~~DAVIS~~
Plaintiffs,                     ZLOCH

Z Loch

vs.

H₂0 LIMITED,

Defendant.
_____/

### RESPONSE BY DEFENDANT/THIRD-PARTY PLAINTIFF H₂O LIMITED AND THIRD-PARTY PLAINTIFF MICHAEL KLINGENSMITH IN OPPOSITION TO MOTION TO STRIKE DEMAND FOR JURY TRIAL

Defendant/Third-Party Plaintiff H₂0 Limited and Third-Party Plaintiff Michael B. Klingensmith respond in opposition to a Motion by Third-Party Defendant Tropical Diversions Yacht Services, Inc., and adopted by Plaintiffs, to strike a demand for jury trial herein for all issues so triable, and say:

1. Defendant/Third-Party Plaintiff H₂0 Limited and Third-Party Plaintiff Michael B. Klingensmith have brought a Third-Party Complaint in this action against C.A. Hansen, a division of Brown & Brown, Inc. and Tropical Diversions Yacht Services, Inc. for negligence and conversion in their mishandling of an insurance claim

and salvage operations following the sinking of "Novena," a 47-foot sailing vessel owned by Defendant $H_20$ Limited.

2. As plead in the Third-Party Complaint, this Court has supplemental jurisdiction over the Third-Party claim pursuant to 28 U.S.C. §1367(a).

3. The Third-Party claims asserted against C.A. Hansen and Tropical Diversions Yacht Services, Inc. are clearly actions at law as to which the Third-Party Plaintiffs have a constitutional right to a jury trial.

4. The fact that there are also claims pending in this case within the Court's Admiralty jurisdiction should not operate to deny Third-Party Plaintiffs' right to a jury trial, any more than the joinder of legal and equitable claims in a single action mandates a bench trial on claims for damages.

5. Moreover, as evidenced by Plaintiffs' Notice of Settlement, dated June 14, 2000, Plaintiffs and Defendant $H_20$ Limited have settled their claims against one another in this action. The Court is further advised that, on June 21, 2000, counsel for the parties executed and delivered settlement documents, including a Joint Motion for Voluntary Dismissal with prejudice of Plaintiffs' Complaint and Defendant $H_20$ Limited's Counterclaim, which should be filed shortly by counsel for Plaintiffs.

6. Therefore, the only claims now pending before this Court in this case is the Third-Party claims against C.A. Hansen and Tropical Diversions, which are clearly state-law claims triable by jury, and which are not claims in Admiralty under any stretch of the imagination.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail on Farris J. Martin, III, Esquire, Attorneys for Plaintiffs, and interim counsel for C.A. Hansen, KELLER & HOUCK, P.A., 200 South Biscayne Boulevard, Suite 3460, Miami, Florida 33131-5308, 900, Fort Lauderdale, Florida 33309, and Shawn B. McKamey, Esquire, Billing, Cochran, Heath, Lyles, Mauro, P.A., attorneys for Tropical Diversions, Inc. 888 S.E. 3rd Avenue, Fort Lauderdale, FL 33316, this  21ST day of June, 2000.

                                      JENNINGS & VALANCY, P.A.
                                      Attorneys for Defendants
                                      $H_2O$ and Klingensmith
                                      311 Southeast 13th Street
                                      Ft. Lauderdale, Florida 33316
                                      (954) 463-1600 Telephone
                                      (954) 463-1222 Telecopy

By: _____
                                      Robert L. Jennings
                                      Florida Bar No. 348074