UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6058-CIV-ZLOCH

ALL UNDERWRITERS SUBSCRIBING
TO CERTIFICATE OF INSURANCE
NO. 99B1/671, including
SUBSCRIBING UNDERWRITERS AT
LLYODS, LONDON, AXA GLOBAL
RISKS (U.K.) LIMITED "T" A/C,
and WURTEMBERGISCHERUNGAG,
"T" A/C,

    Plaintiffs,

vs.



**FINAL ORDER OF DISMISSAL**

$H_2O$ LIMITED,

    Defendant.
_____/

$H_2O$ LIMITED and MICHAEL B.
KLINGENSMITH,

    Counter-Plaintiffs,

vs.

ALL UNDERWRITERS SUBSCRIBING
TO CERTIFICATE OF INSURANCE
NUMBER 99B1/671, etc.,

    Counter-Defendants,

and

C.A. HANSEN, a division of BROWN
& BROWN, INC. and TROPICAL
DIVERSIONS YACHT SERVICES, INC.,
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

    The Court notes that by prior Order Of Dismissal (DE 30) dated



July 6, 2000, the Court dismissed the claims of the Plaintiffs, All Underwriters Subscribing Certificate of Insurance No., 99B1/671, including Subscribing Underwriters at Llyods, London, AXA Global Risks (U.K.) Limited "T" A/C, and Wurtembergische Verischerungag "T" A/C's against the Defendant, $H_2O$ Limited. The Court also dismissed the Defendant, $H_2O$ Limited's claims against the Plaintiffs, All Underwriters Subscribing Certificate of Insurance No., 99B1/671, including Subscribing Underwriters at Llyods, London, AXA Global Risks (U.K.) Limited "T" A/C, and Wurtembergische Verischerungag "T" A/C. Finally, the Court dismissed the Third-Party Plaintiff, Michael Klingensmith's claims against the Plaintiffs, All Underwriters Subscribing Certificate of Insurance No., 99B1/671, including Subscribing Underwriters at Llyods, London, AXA Global Risks (U.K.) Limited "T" A/C, and Wurtembergische Verischerungag "T" A/C.

In the aforementioned Order Of Dismissal, however, the Court noted that its Order Of Dismissal (DE 30) shall not pertain to any third-party claims by Third-Party Plaintiffs, $H_2O$ Limited and Michael Klingensmith, against Third-Party Defendants, C.A. Hansen and Tropical Diversions Yacht Services, Inc. The Court further notes that the asserted basis for this Court's jurisdiction over the remaining third-party claims by Third-Party Plaintiffs, $H_2O$ Limited and Michael Klingensmith, against Third-Party Defendants, C.A. Hansen and Tropical Diversions Yacht Services, Inc., is 28

U.S.C. § 1367. 28 U.S.C. § 1367(a) provides that

> . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

It is clear that this Court has original jurisdiction over the federal law claims asserted in the Plaintiffs' Complaint For Declaratory Judgment Action pursuant to 28 U.S.C. §§ 1333 and 2201. After reviewing the Plaintiffs' Complaint herein, the Court finds that the state claims against the Third-Party Defendants, C.A. Hansen and Tropical Diversions Yacht Services, Inc., as asserted in Counts I and II of the Third-Party Plaintiffs, Michael Klingensmith and $H_2O$ Limited's Third-Party Complaint (DE 2), are so related to the federal claims in the instant action that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Therefore, this Court has the authority to exercise supplemental jurisdiction over the state claims in the instant action.

Nevertheless, the Court's supplemental jurisdiction inquiry does not end here. In 1990, Congress codified the formally well-entrenched jurisdictional doctrine denominated as pendent and ancillary jurisdiction set forth in <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715 (1966). 28 U.S.C. § 1367(c) provides in pertinent part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -

3

>  . . .
>  (3) the district court has dismissed all claims
>      over which it has original jurisdiction. . . .

Applying 28 U.S.C. § 1367(c)(3), the Court finds that supplemental jurisdiction should not be exercised over the state claims in the instant case. The Court notes that when a federal court has dismissed all the federal claims at an early stage, dismissal of the remaining state law claims is strongly encouraged. Gibbs, 383 U.S. at 726 (dismissal of state law claims strongly encouraged when federal law claims are dismissed prior to trial); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352-53 (11th Cir. 1997); Eubanks v. Gerwen, 40 F.3d 1157, 1161-62 (11th Cir. 1994) (remanding case to district court to dismiss state law claims where court had granted summary judgment on plaintiff's federal law claims).

Here, the Court has disposed of the federal law claims prior to trial at an early stage in the litigation. Therefore, the Court, pursuant to § 1367(c)(3), will exercise its discretion and **DISMISS**, without prejudice, the state law claims against the Third-Party Defendants, C.A. Hansen and Tropical Diversions Yacht Services, Inc., as set forth Counts I and II of the Third-Party Plaintiffs, Michael Klingensmith and $H_2O$ Limited's Third-Party Complaint (DE 2).[1]

Accordingly, after due consideration, it is

---

[1] The Court directs the Third-Party Plaintiffs to 28 U.S.C. § 1367(d) which tolls the limitations period on these claims for thirty days, unless state law provides for a longer tolling period, so that the claims may be refiled in state court.

4

**ORDERED AND ADJUDGED** as follows:

1. The Third-Party Plaintiffs, $H_2O$ Limited and Michael Klingensmith's third-party claims against Third-Party Defendants, C.A. Hansen and Tropical Diversions Yacht Services, Inc., as asserted in Counts I and II of Third-Party Complaint (DE 2) be and the same are hereby **DISMISSED,** without prejudice, as this Court declines to exercise supplemental jurisdiction over the same; and

2. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___2/21___ day of July, 2000.

```
                              _____
                              WILLIAM J. ZLOCH
                              Chief United States District Judge
```

Copies furnished:

Ferris Martin, III, Esq.
For Plaintiffs

Robert Jennings, Esq.
For Defendant

Shawn McKamey, Esq.
For Third-Party Defendant Tropical Diversions

James Stroup, Esq.
For Third-Party Defendant C.A. Hansen

5